```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         SOUTH BEND DIVISION
```

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:15-CR-65 JD |
| | ) | Case No. 3:16-CV-505 JD |
| MICHAEL YODER | ) | |

## **OPINION AND ORDER**

After attempting to flee from police on his motorcycle, defendant Michael Yoder was caught and found in possession of methamphetamine and a firearm, leading to his conviction in this case on two counts. The first count, which was Count 2 of the indictment, was for possessing methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The second count, Count 3 of the indictment, was for possessing a firearm in furtherance of that drug trafficking crime, in violation of 18 U.S.C. § 924(c). Mr. Yoder pled guilty to both counts pursuant to a plea agreement, and received a sentence of 137 months of imprisonment. Judgment was entered on those convictions on March 31, 2016, and Mr. Yoder did not appeal.

Mr. Yoder has now moved to vacate his conviction and sentence under 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Mr. Yoder's motion presents a single claim, which is that his conviction under § 924(c) is invalid under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* had no effect on that conviction, though, so it plainly appears that Mr. Yoder is not entitled to relief.

Section 924(c) prohibits the possession of a firearm in furtherance of either a "drug trafficking crime" or a "crime of violence." 18 U.S.C. § 924(c). As Mr. Yoder notes, *Johnson*

invalidated a portion of the definition of the term "violent felony" under the Armed Career Criminal Act, which is similar to the definition of the term "crime of violence" under § 924(c). However, Mr. Yoder's conviction was for possessing a firearm in furtherance of a "drug trafficking crime"—possessing methamphetamine with the intent to distribute it—not a "crime of violence," and *Johnson* had no effect on the definition of a drug trafficking crime. Therefore, *Johnson* does not apply to Mr. Yoder's conviction, so the Court DISMISSES the motion. [DE 56]. For those same reasons, the Court finds that the resolution of this motion is not debatable and that Mr. Yoder's claim is not sufficient to deserve encouragement to proceed further, so the Court DENIES the issuance of a certificate of appealability.

Mr. Yoder has also filed a motion to compel his former defense counsel to provide him with discovery materials [DE 57], and moved for a status update on that motion [DE 60]. Counsel responded by stating that he has provided Mr. Yoder with his complete file, but Mr. Yoder still argues otherwise. Mr. Yoder has never identified what specific materials he is seeking, though, or indicated what, if any, connection they have to his motion under § 2255. In addition, the only claim Mr. Yoder has raised in his § 2255 motion rests on a pure question of law that would be unaffected by any factual matters that might be reflected in the discovery materials. Discovery is only available in connection with proceedings under § 2255 when a defendant establishes "good cause" and "provide[s] reasons for the request." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 6(a), (b). As just noted, Mr. Yoder has not done so, and absent any indication of how those materials would affect the motion under § 2255, the Court DENIES Mr. Yoder's requests for discovery. [DE 57, 60].

The Court advises Mr. Yoder that pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant

may request a circuit judge to issue the certificate. The Court further advises Mr. Yoder that Rule 4(a) of the Federal Rules of Appellate Procedure governs the time to appeal an order entered under the rules governing § 2255 proceedings. *See* Rule 11(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Under Rule 4(a), when the United States is a party in a civil case, any notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered. Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006) (stating that "the time to contest the erroneous denial of [the defendant's] first § 2255 motion was within 60 days of the decision").

    SO ORDERED.

    ENTERED: December 2, 2016

                                          /s/ JON E. DEGUILIO
                                          Judge
                                          United States District Court